UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLARA BELL EXUM,
        Plaintiff,

v.

CIVIL ACTION NO.
12-11092-JLT

STRYKER ORTHOPAEDICS, ET AL.,
        Defendants.

## MEMORANDUM AND ORDER

TAURO, D.J.

### BACKGROUND

On June 19, 2012, Plaintiff Clara Bell Exum ("Clara"), a resident of Dorchester, Massachusetts, filed a medical malpractice lawsuit against Stryker Orthopaedics and Dr. Thomas A. Einhorn. The action stems from unsuccessful hip surgery.

On July 27, 2012, Clara filed a Motion to Appoint Counsel, and on August 1, 2012, the Defendant Stryker Orthopaedics filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] Specifically, the Defendant contended that there was not complete diversity of citizenship because both the Plaintiff and Dr. Einhorn were citizens of Massachusetts. Clara opposed the motion on the grounds that she was a *pro se* litigant and that the Defendant simply did not want to take responsibility for faulty (medical) products. She further contended that Stryker was "using two corporations that are located in two different states." Opposition (Docket No. 15 at 3). She also claimed that defense counsel failed to consult with her to resolve or narrow the issues. She did not address in any substantive manner the Defendant's argument that Dr. Einhorn was a Massachusetts citizen.

Notably, on September 4, 2012, Clara's son, Carston L. Exum ("Exum"), also a resident

---

[1] Stryker Orthopaedics contends that Clara incorrectly named it; the correct name is Howmedica Osteonics Corp.

of Dorchester, Massachusetts, filed a self-prepared Complaint against Dr. Eric Smith, of Tufts Medical Center.  Exum asserts a claim for the wrongful death of his 79-year old mother.  See Exum v. Smith, Civil Action No. 12-11650-JLT.  Specifically, Exum alleged that Dr. Smith performed reconstructive hip surgery on his mother, which resulted in her death on August 27, 2012.  He contended that he warned Dr. Smith against performing the surgery because his mother was under cardiac care at Boston Medical Center and had other medical problems, and therefore she was not healthy enough to endure the operation.

On September 24, 2012, this Court issued a Memorandum and Order (Docket No. 6) declining to appoint pro bono counsel for Exum and dismissing the action *sua sponte* for lack of subject matter jurisdiction.  Additionally, this Court noted that Exum could not bring a wrongful death claim *pro se.*

On September 9, 2012, Exum sent a letter to this Court reiterating his allegations against Dr. Smith, and stating that he called the clerk before Clara's surgery asking what would happen to her lawsuit if she died.  The clerk did not provide any answer.  He now asks this Court to advise him what happens to his mother's lawsuit in this situation.  He attached Clara's Opposition to the Motion to Dismiss.  See Letter (Docket No. 18).

## DISCUSSION

As an initial matter, neither this Court nor the Clerk's Office may provide Exum with legal advice about what he may or may not do in connection with any lawsuit.

Next, the Court notes that no substitution by an Executor/trix or Administor/trix of the Estate of Clara Bell Exum has been filed in order to proceed with this action.  In any event, such a filing would be unavailing.  Upon review of the pleadings in Clara's action (Civil Action No. 12-11092-JLT) this Court finds that Defendant's Motion to Dismiss for lack of diversity jurisdiction pursuant to Rule 12(b)(1) is well-founded.  Clara's Opposition does not persuade

this Court that it has subject matter jurisdiction in this case. Under section 1332 of Title 28, diversity of citizenship must be complete. This means that the citizenship of each plaintiff must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978). Here, Clara failed to address the allegation that both she and Dr. Einhorn were Massachusetts citizens. Under these circumstances, the inescapable conclusion is that this Court lacks diversity jurisdiction notwithstanding Clara's arguments to the contrary.

Accordingly, the Defendant's Motion to Dismiss (Docket No. 13) is ALLOWED and this action is DISMISSED. In light of the dismissal, Clara's Motion for Appointment of Counsel (Docket No. 10) is DENIED as moot.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Docket No. 13) filed by Defendant Howmedica Osteonics Corp. (incorrectly named in the Complaint as Stryker Orthopaedics) is ALLOWED;

2. The Defendant Howmedica Osteonics Corp. shall serve this Order on all other parties to this action within seven (7) days of this Order;

3. Plaintiff's Motion for Appointment of Counsel (Docket No. 10) is DENIED as moot; and

4. This action is DISMISSED in its entirety.[2]

SO ORDERED.

DATED: October 31, 2012

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE

---

[2] Although Defendant seeks a dismissal with prejudice, this Court dismisses this action without prejudice.